**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ROY PETER ORTIZ MEDINA,**<br>**Petitioner,**<br>**v.**<br>**JASON BENZEL, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–10772–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Roy Peter Ortiz Medina's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Peru. (*Id.* ¶ s.) He entered the United States on a tourist visa in 2004. (*Id.* ¶ t.)

2. The Department of Homeland Security (Department) arrested petitioner on August 15, 2026 and detained him in Elizabeth Contract Detention Facility. (*Id.* ¶¶ w, y.)

3. Respondents filed an answer on August 25, 2026 stating that petitioner was being detained pursuant to 8 U.S.C. § 1226(a) and that a bond hearing was scheduled for August 25, 2026. (ECF No. 6 pp. 1, 2.) Respondents indicated that the bond hearing might be rescheduled due to a change in petitioner's location. (*Id.* p. 2.)

4. Petitioner did not file a response.

5. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

6. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026).

7. Respondents indicated that a bond hearing was scheduled for August 25, 2026, and petitioner has not filed anything suggesting that it did not take place.

8. "Immigration detainees seeking to invoke this Court's habeas jurisdiction … must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20–cv–06459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).

9. It would not be futile to require exhaustion. Courts in the Third Circuit have excused exhaustion in cases in which the United States argues § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the Board of Immigration Appeals's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *See, e.g., Zheng*, 826 F. Supp. 3d at 553 ("Petitioner was not required to exhaust any administrative remedies before pursuing relief in this Court because … such efforts would be futile."); *Vimos v. Fed. Det. Ctr. Philadelphia*, No. 26–cv–00780, 2026 WL 381173, at *4 (E.D. Pa. Feb. 11, 2026). That is not the case for petitioner.

Accordingly,

**IT IS** on this **31st** day of **August 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**.

2. Any restrictions imposed on petitioner's location are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**